**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 2:21-cr-341-DCN-10 |
| vs. ) | |
| ) | **ORDER** |
| JESUS YOSMANY WILSON LOMBIDA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on defendant Jesus Yosmany Wilson Lombida's ("Lombida") motion to dismiss the indictment, ECF No. 141. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

On June 15, 2021, Lombida was charged along with twelve codefendants in a twelve-count indictment for conspiracy to possess with intent to distribute fentanyl, methamphetamine, cocaine, and heroine. ECF No. 20. Lombida was arrested on June 2, 2021. ECF Nos. 1, 4. His initial appearance was held before Magistrate Judge Mary Gordon Baker on June 3, 2021. ECF No. 11. The government moved for detention, and Lombida requested a preliminary hearing and a detention hearing. Id. Such a hearing was held on June 8, 2021. ECF No. 16. The court ordered Lombida detained. ECF No. 17. On June 17, 2021, Magistrate Judge Baker arraigned Lombida on his indictment, and Lombida entered a plea of not guilty. ECF No. 5.

On September 10, 2021, Lombida filed a motion to dismiss the indictment against him for violation of the Speedy Trial Act, 18 U.S.C. § 3161 (the "STA"). ECF No. 141. On September 22, 2021, the government responded in opposition. ECF No. 144. Lombida did not file a reply, and the motion is ripe for the court's review.

1

## II. STANDARD

The STA provides that "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The STA allows for several excludable delays, including those resulting from (1) the grant of a continuance where the district court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial"; (2) "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court"; (3) "delay resulting from transportation of any defendant from another district [ . . . ] except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable"; and (4) "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. §§ 3161(h)(7)(A), (h)(1)(H), (h)(1)(F), (h)(6).

"In a case involving several defendants, time excludable for one defendant is excludable for all defendants." United States v. Jarrell, 147 F.3d 315, 316 (4th Cir. 1998); see also United States v. Sarno, 24 F.3d 618, 622 (4th Cir. 1994) (finding that time based on continuances requested by codefendants were excludable as to the defendant). "All defendants who are joined for trial generally fall within the speedy trial

2

computation of the latest codefendant." Shealey, 641 F.3d at 632 (quoting Henderson v. United States, 476 U.S. 321, 323 n.2 (1986)); United States v. Baker, 40 F.3d 154, 159 (7th Cir. 1994) (noting that the STA clock begins to run anew on the date of the last codefendant's arraignment); United States v. Pena, 793 F.2d 486, 490 (2d Cir. 1986) ("[C]ases involving multiple defendants are governed by a single speedy trial clock, which begins to run with the clock of the most recently added defendant . . . .").

If a defendant is not brought to trial during the seventy-day period, and the delays are not excludable, the "indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). However, the district court has the discretion to dismiss with or without prejudice. United States v. Henry, 538 F.3d 300, 304 (4th Cir. 2008).

### III.  DISCUSSION

Lombida argues that the court should dismiss the indictment against him due to the government's purported violation of the STA. The court finds such relief unwarranted. Specifically, the court finds that there has not been any non-excludable delay greater than seventy days to necessitate dismissal under the STA. Although the original indictment against Lombida was returned on June 15, 2021, the grand jury returned a superseding indictment against Lombida and his codefendants on October 13, 2021. ECF No. 210. The superseding indictment in this case added an additional defendant: Isaiah Spann. The superseding indictment also added four counts that were not included in the original indictment. Because there are significant differences between the two indictments, the filing of the superseding indictment in this case restarted the STA trial clock. See United States v. Dixon, 542 F. App'x 273, 278 (4th Cir. 2013) (finding that the a superseding indictment that added defendants and included an

additional charge against the defendant for conspiracy restarted the STA clock); United States v. Ellis, 2017 WL 11439295, at *3 (D.S.C. June 22, 2017), aff'd, 781 F. App'x 271 (4th Cir. 2019) (internal citation omitted) ("The Speedy Trial Act excludes delay attributable to resetting a defendant's speedy trial clock upon the addition of a co-defendant so that the government will not be forced to choose between prosecuting defendants separately and violating the Speedy Trial Act."); United States v. Lesczynski, 86 F. App'x 551, 554 (4th Cir. 2004) (per curiam) ("[T]he literal requirements of the Speedy Trial Act were met because a superseding indictment that adds either a new defendant or new charges restarts the speedy trial clock."); United States v. Muhammad, 2011 WL 1576556, at *7 (D.S.C. Apr. 26, 2011) (holding that the "superseding indictments restarted the speedy trial clock"), aff'd in part and remanded, 498 F. App'x 251 (4th Cir. 2012); United States v. King, 483 F.3d 969, 973 (9th Cir. 2007) (holding that the filing of a superseding indictment that added a new defendant restarts the STA clock for all defendants); United States v. Barnes, 251 F.3d 251, 257 (1st Cir. 2001) (holding that a superseding indictment returned the day before the speedy trial deadline, containing the same charges and adding only one new, albeit previously known, defendant served to restart the STA clock). As previously noted, "[a]ll defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant." Shealey, 641 F.3d at 632. The latest codefendant in this case is Isaiah Spann, whose STA clock began, at the earliest, on the date the superseding indictment was filed. Accordingly, Lombida's STA clock likewise reset to that date. Lombida's instant motion to dismiss for a speedy-trial violation was filed prior to the superseding indictment and the resetting of his STA clock, and the court finds the arguments Lombida

made under that motion moot. Even if the court included excludable days in its count, less than seventy days have passed since the superseding indictment reset the STA clock, and therefore, the court does not find a violation of the STA at this time. To the extent Lombida believes that a future STA violation occurs that is properly calculated in light of his reset STA clock and any applicable exclusions, including time excludable for his codefendants, Lombida may refile his motion if and when that time arises.

### IV.   CONCLUSION

For the foregoing reasons, the court **DENIES** the motion.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**December 7, 2021**
**Charleston, South Carolina**

5